UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1460-JGB (KKx)** | Date | April 24, 2017 |
| Title | *Benita Becerra v. J.C. Penney Corporation, Inc.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (a) Denying Plaintiff's Motion to Strike Expert Disclosure; and (b) Vacating Hearing [Dkt. 12]

## I.
## SUMMARY OF RULING

On March 30, 2017, Plaintiff Benita Becerra ("Plaintiff") filed a Motion to Strike Defendant's Expert Disclosure and to Preclude the Experts Identified Therein from Testifying at Trial ("Motion to Strike"). For the reasons set forth below, the Court DENIES Plaintiff's Motion to Strike. The hearing on Plaintiff's Motion to Strike set for April 27, 2017 is hereby VACATED.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2016, Plaintiff filed a Complaint against Defendant J.C. Penney Corporation, Inc. ("Defendant") in Riverside County Superior Court for premises liability and negligence. ECF Docket No. ("Dkt.") 1-2. Plaintiff alleges on May 25, 2014, she tripped and fell on torn carpet while shopping at Defendant's store. Id. On April 27, 2016, Defendant filed an Answer. Dkt. 1-3. On July 5, 2016, Defendant removed the case to this Court. Dkt. 1.

On September 28, 2016, the Court issued a Civil Trial Scheduling Order setting the following relevant deadlines: (a) March 15, 2017 for initial designation of expert witnesses; (b) April 14, 2017 for designation of rebuttal expert witnesses; and (c) April 30, 2017 for the

discovery cut-off, including the deadline for hearing discovery motions.  Dkt. 11.  Trial is set for June 20, 2017.  Id.

On March 15, 2017, Defendant's counsel e-mailed Plaintiff's counsel requesting a trial continuance and an extension to serve expert disclosures, which were due that day.  Declaration of Marni B. Folinsky in support of Plaintiff's Reply ("Folinsky Decl."), ¶ 13, Ex. E.  Plaintiff's counsel did not agree to Defendant's requested continuance.  Declaration of Lawrence D. Esten in support of Opposition ("Esten Decl."), ¶ 5.  That same day, the parties each served initial expert disclosures.  Dkt. 12 at 14-167, Declaration of Alexis R. Domb in support of Motion to Strike ("Domb Decl."), ¶¶ 4-5, Exs. A, B.  Defendant identified three retained expert witnesses: (1) Kenneth Alvin Solomon; (2) Mark Spoonamore; and (3) Stephen L.G. Rothman.  Id. ¶ 4, Ex. A.

On March 23, 2017, Plaintiff's counsel e-mailed, faxed, and mailed a letter to Defendant's counsel explaining the deficiencies in Defendant's expert disclosure, including that Defendant had failed to provide any expert reports, and requesting a meet and confer conference.  Id. ¶ 6, Ex. C.

On March 27, 2017, Defendant served an amended expert disclosure for Kenneth Solomon that included his expert report.  Esten Decl., ¶ 7, Ex. A.

On March 29, 2017, Defendant's counsel sent Plaintiff's counsel a letter via facsimile and mail in response to Plaintiff's counsel's March 23, 2017 meet and confer letter (1) explaining Defendant would be replacing Dr. Spoonamore with Dr. William Dillin and would provide Dr. Dillin's disclosures and expert report by April 3, 2017; and (2) agreeing to meet and confer in person on March 30, 2017.  Id. ¶ 8, Ex. B.

On March 30, 2017, Plaintiff filed the instant Motion to Strike.  Dkt. 12.

On April 3, 2017, Defendant served an expert disclosure for Dr. Dillin that included his expert report.  Esten Decl., ¶ 10, Ex. C.  On April 4, 2017, Defendant served an Amended and Supplemental Disclosures identifying only Drs. Solomon and Dillin.  Id. ¶ 11, Ex. D.

On April 6, 2017, Defendant filed an Opposition to the Motion to Strike.  Dkt. 13.  In the Opposition, Defendant's counsel explained for the first time that the associate with primary responsibility for this matter resigned on March 14, 2017 and Defendant's counsel was busy with trial in another matter.  Esten Decl., ¶ 3; Folinksy Decl., ¶ 7.  Defendant primarily argues the delay in providing complete disclosures and expert reports is harmless.  Opp. at 7-8.

On April 13, 2017, Plaintiff filed a Reply.  Dkt. 14.  The matter thus stands submitted.[1]

---

[1] The parties each spend a substantial portion of their briefs arguing over whether the Court should reach the merits of Plaintiff's Motion because the Motion was filed before the full

# III.
# LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires that a party must disclose the identity of each expert witness "accompanied by a written report - prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Rule 26 requires disclosure of an expert witness must be accompanied by the expert's written report setting forth the following information:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Id. The parties are to submit their expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"Rule 37(c)(1) gives teeth to [the requirements of Rule 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); Torres v. City of Los Angeles, 548 F.3d 1197, 1212–13 (9th Cir. 2008); Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1179 (9th Cir. 2008). This is a "self-executing, automatic sanction to provide a strong inducement for disclosure of material." Yeti, 259 F.3d at 1106 (9th Cir. 2001) (internal punctuation omitted) (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).

---

ten days within which to meet and confer had passed. If Plaintiff's counsel had served a letter requesting to meet and confer a couple days earlier, there may have been time to allow the full ten days to pass and permit time for preparation of a Joint Stipulation pursuant to Local Rule 37-2. On the other hand, had Defendant's counsel picked up the phone and explained to Plaintiff's counsel the predicament he was left in when his associate resigned, the matter may have been resolved without the need for Court involvement. See Reply at 8. The parties are hereby cautioned the Court requires strict compliance with the joint stipulation requirement of Local Rule 37-2 and parties must consider the assigned Magistrate Judge's calendar when calculating the last date to file discovery motions in cases where discovery matters are referred to a Magistrate Judge. Nevertheless, Defendant did not serve complete amended expert disclosures until April 4, 2017, and the discovery cut-off was fast-approaching. Hence, the Court exercises its discretion to rule on the Motion despite the lack of a Joint Stipulation.

"In determining whether this sanction should be imposed, the burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." Torres, 548 F.3d at 1213 (citing Yeti, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")). The district court has wide latitude in issuing discovery sanctions under Rule 37(c)(1). Yeti, 259 F.3d at 1106.

## IV.
## DISCUSSION

The three experts listed in Defendant's original initial expert disclosure (Solomon, Spoonamore, and Rothman) were retained to provide expert testimony in this case. Domb Decl., Ex. A. Therefore, Defendant was required, but failed to provide complete expert reports simultaneously with the initial expert disclosure. Fed. R. Civ. P. 26(a)(2)(B). Dr. Solomon's expert report was not served until March 27, 2017, twelve days after the initial expert disclosure on March 15, 2017, and expert reports for Drs. Spoonamore and Rothman were never provided as they were apparently abandoned as experts. Esten Decl., ¶ 7, Ex. A. In addition, Dr. Dillin was not identified as an expert until March 29, 2017, fourteen days after the initial expert disclosure deadline, and his expert report was not served until April 3, 2017, nineteen days after the initial expert disclosure deadline and only eleven days before the rebuttal expert deadline. Id. ¶ 10, Ex. C. Accordingly, it is undisputed Defendant failed to timely provide the required expert disclosures.

It is Defendant's burden, therefore, to demonstrate its failure was "substantially justified or harmless." Torres, 548 F.3d at 1213. Defendant does not argue the untimely disclosures were substantially justified. See Opp. Rather, Defendant argues the delay is harmless because the reports of Drs. Solomon and Dillin were disclosed before the rebuttal expert disclosure deadline had passed. Opp. at 7-8. Plaintiff argues the delay is not harmless because the exchange of expert disclosures between parties was not simultaneous giving Defendant an "undue advantage," and Plaintiff was "unable to timely designate rebuttal experts and/or disclose rebuttal reports." MTS at 7; Reply at 5-8.

The Ninth Circuit has articulated several factors for the Court to consider when determining whether a violation of the expert discovery rules was harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

First, to the extent Plaintiff is prejudiced by the delayed disclosure, the Court finds any prejudice is slight. Plaintiff does not provide any facts to support her claim that Defendant's delayed disclosure has given Defendant an "undue advantage." See Domb Decl.; Folinsky Decl. In addition, Plaintiff does not support her assertion that the delay rendered her "unable" to

designate or disclose rebuttal experts or reports.  Id.  Second, the April 30, 2017 discovery cut-off has not yet passed and trial is not until June 20, 2017.  Dkt. 11.  Therefore, to the extent there is any prejudice, it may be cured by expediting any remaining discovery and/or seeking appropriate extensions of the discovery deadlines from the District Court.  Finally, even if Plaintiff seeks to conduct additional expert discovery, based on Defendant's representation that it will make its expert witnesses available for deposition in a timely manner (see Opp. at 2), Defendant's three-week delay in providing expert disclosures is not likely to disrupt trial.  Hence, while the Court is unimpressed by Defendant's lack of justification for the delay, Defendant has satisfied its burden of showing the delay is sufficiently harmless to warrant denial of the Motion to Strike.

# V.
# CONCLUSION

**IT IS THEREFORE ORDERED** that (a) Plaintiff's Motion to Strike is DENIED and (b) the hearing on April 27, 2017, is VACATED.